

# CUDDY LAW FIRM, P.L.L.C.

**ANDREW K. CUDDY**
MANAGING ATTORNEY

**BENJAMIN M. KOPP**
SENIOR ATTORNEY
FEDERAL LITIGATION TEAM LEADER
(NY)
BKOPP@CUDDYLAWFIRM.COM

**PRINCIPAL OFFICE (MAILING ADDRESS)**
5693 SOUTH STREET ROAD
AUBURN, NY 13021
(315) 370-4020

**OFFICES**
VALHALLA, NY | PHILADELPHIA, PA
CLEVELAND, OH | CHARLOTTE, NC

March 4, 2026

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    Cuddy Law Firm, P.L.L.C. v. New York City Dept. of Educ.,
Index No. 25-cv-8831-KPF**

**MEMO ENDORSED**

Dear Hon. Failla:

I am counsel for the above Plaintiff in the above-referenced action for fees and costs following two impartial due process hearings under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* The parties write to request that the Court lift the stay in this matter, and seek time to negotiate potential settlement, which was on hold during the stay.

On November 21, 2025, Defendant requested to stay this action, pending resolution of a charging lien issue in a case (N.Y. Sup. Ct. Cayuga County, Index No. E2024-0133) where Defendant is not a party. Defendant advised that this instant matter cannot be resolved until the charging lien issue is resolved. This Court granted the stay on November 24, 2025. ECF 9.

On order from the State Court, the lien issue has been in arbitration (Adrienne Arkontaky v. The Cuddy Law Firm, PC and The Cuddy Law Firm, PLLC, 01-24-0000-3224), where those parties cross-moved to enforce their own liens and vacate the others. On February 27, 2026, the Arbitrator ruled in favor of Respondents Cuddy Law Firm on both cross-motions, including that Claimant Adrienne Arkontaky "has not established a statutory or other right to file the liens she has filed. The liens shall be removed as soon as possible." Attachment 1.

On March 2, 2026, Adrienne Arkontaky informed Defendant, "the liens indicated on this list are now released, effective immediately, allowing the Cuddy Law Firm to negotiate, settle and collect all amounts." Attachment 2.

Based upon the sheer volume of hearings at issue (35) in this action, settlement documents have not been fully exchanged, knowing that discussions in several similarly-stayed actions had been put on hold until the lien issue was resolved.

Accordingly, the parties propose a joint status letter, due in sixty (60) days and an answer due ninety (90) days from the date of this letter.

1

Respectfully,

s/ Benjamin M. Kopp
Benjamin M. Kopp, Esq.

The Court has received the parties' above-request to lift the stay and Plaintiff's request to seal Exhibit 2 to docket entry 12 (Dkt. #13).

In light of the parties' submissions, the Court hereby LIFTS the stay in this case.  The parties are directed to provide a joint status letter on or before **May 4, 2026,** and Defendant is directed to respond to Plaintiff's Complaint on or before **June 3, 2026.**

The Clerk of Court is directed to maintain Exhibit 2 to docket entry 12 under seal, viewable to the Court and the parties only. Plaintiff is directed to file a redacted version of Exhibit 2 on the docket.  The Clerk of Court is further directed to terminate the pending motion at docket entry 13.

Dated:    March 5, 2026                SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2